# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BARTLEY DAMIEN LEE,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:10-CV-00355-ECR-(VPC)

**ORDER**

Before the court are petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#10), respondents' motion to dismiss (#12), petitioner's opposition (#20), and respondents' reply (#21). The court finds that petitioner has exhausted his available state-court remedies, and the court denies the motion (#12). Furthermore, on its own motion, the court will appoint counsel to represent petitioner

Pursuant to a plea agreement, petitioner was convicted in the Second Judicial District Court of the State of Nevada of attempted murder with the use of a deadly weapon. Ex. 13 (#14). Petitioner did not appeal the judgment of conviction, and the lack of an appeal is one of his current grounds for relief. Petitioner then filed in the state district court a post-conviction habeas corpus petition. Ex. 14 (#14). The court appointed counsel, who filed a supplement. Ex. 28 (#15).

The state post-conviction proceedings took an unusual detour. The parties stipulated that, while in the Washoe County Detention Facility, petitioner had delivered to a jail officer an inmate request form that informed the judge that he wished to appeal the judgment but that no appeal was processed. Ex. 30 (#15). The Nevada Supreme Court noted that neither a stipulation

nor a court order creates jurisdiction where jurisdiction does not otherwise exist, and the court directed petitioner's post-conviction counsel to substantiate the claims that petitioner delivered an inmate request form to a jail officer and that the trial judge received the form. Ex. 35 (#15). Counsel was unable to provide the required proof. Ex. 39, 41 (#15). The Nevada Supreme Court then dismissed the appeal for lack of jurisdiction. Ex. 45 (#15).

The case returned to the district court, which held an evidentiary hearing. Ex. 50 (#16). The district court then denied the petition. Ex. 55 (#16). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 79 (#17).

Petitioner then filed in the state district court a motion to dismiss his guilty plea. Ex. 82 (#17). The state district court denied the motion on its merits. Ex. 90 (#17). Petitioner appealed. The Nevada Supreme Court affirmed, but ruled that the petition should have been denied because of inexcusable delay. Ex. 96 (#17).

Petitioner then commenced this action. The original petition (#9) contained defects, and petitioner filed an amended petition (#10). The court dismissed (#11) ground 3 of the amended petition because it alleged an error in the state post-conviction proceedings, and such errors are not addressable in federal habeas corpus. See Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989).

Respondents argue that petitioner has not exhausted the available state-court remedies for the remaining grounds, 1 and 2. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

In ground 1, petitioner claims that he received ineffective assistance of counsel because counsel did not move for a competency hearing or present evidence of petitioner's competence as mitigation at the sentencing hearing. Respondents argue that petitioner did not raise this issue before the Nevada Supreme Court in the appeal from the denial of his state habeas corpus petition. See Ex. 71 (fast-track statement), 75 (supplemental fast-track statement) (#17). While

true, respondents' contention is also irrelevant. At the evidentiary hearing, petitioner's counsel testified:

> I never remember Bart saying, "Bruce, I don't want to take the plea. I don't want to go forward."
>
> And I would just like to explain, he had given a full confession to the police after he was picked up, before I ever met him. He'd seen—I'm going to say Eric Nickel, the public defender, before—I think that's his name; I apologize if I've got it wrong—but before I had ever seen him. <u>And that went to the point that I think Rebecca [Druckman, the prosecutor], at some point, didn't think that he was mentally competent. And Eric and I said—we both had discussions with him, and we feel like he's talking to us very competently.</u>

Ex. 50, pp. 33-34 (#16) (emphasis added). Then, on appeal, the Nevada Supreme Court noted "that defense counsel testified that both he and the public defender initially assigned to the case considered Lee's competency and determined that he understood what was happening with regard to the guilty plea agreement and the sentencing proceeding." Ex. 79, pp. 3-4 (#17). Even if petitioner did not present this issue to the Nevada Supreme Court in his fast-track statements, the state courts considered the issue, which is sufficient to exhaust it. <u>Sandgathe v. Maass</u>, 314 F.3d 371, 376-77 (9th Cir. 2002).

Respondents also note that petitioner alleges that counsel's performance violates the Equal Protection Clause of the Fourteenth Amendment, and that petitioner never presented that constitutional theory to the state courts. Although respondents are correct, the Equal Protection Clause is inapplicable to petitioner's claim of ineffective assistance of counsel. If the amended petition were to remain the operative pleading, the court simply would not consider the equal protection claim. <u>See</u> 28 U.S.C. § 2254(b)(2). Furthermore, the court is appointing counsel, and the filing of a second amended petition might make this claim moot.

Ground 2 has two components. First, petitioner claims that counsel failed to file a notice of appeal even though petitioner asked him to appeal. Respondents do not claim that this part of ground 2 is unexhausted. Second, petitioner claims that he gave to a jail officer an inmate request form addressed to the trial judge and stating that he wanted to appeal his conviction, that the request form was routed to the trial judge, and that the judge failed to forward the form either to his attorney or to the Nevada Supreme Court. Respondents argue that petitioner did not present to the

Nevada Supreme Court the allegation that the form was routed to the trial judge. See Ex. 71 (fast-track statement), 75 (supplemental fast-track statement) (#17). Again, respondent's argument is both true and irrelevant. In its order dismissing the direct appeal, the Nevada Supreme Court considered whether the inmate request form was routed to the district judge. Ex. 45, (#15). Then, in the appeal from the denial of the state habeas corpus petition, the Nevada Supreme Court referred back to its earlier order and stated that its earlier decision was the law of the case. Ex. 79, pp. 2-3 (#17). The Nevada Supreme Court's decision is sufficient to exhaust the issue. Sandgathe, 314 F.3d at 376-77.

Also in ground 2, is a claim regarding post-conviction counsel's statements that he could not find the inmate request form purporting to be a notice of appeal in the files of the district court and that the records of the Washoe County Detention Facility do not indicate that the form was ever delivered to a jail officer for routing to the judge. See Ex. 39, 41 (#15). Petitioner claims that those statements are false. Respondents correctly note that petitioner has no right to effective assistance of post-conviction counsel and that this court cannot grant relief to petitioner based upon the ineffectiveness of post-conviction counsel. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); 28 U.S.C. § 2254(i). However, it appears that when counsel made those statements to the Nevada Supreme Court, the direct appeal was proceeding in accordance with the stipulation. See Ex. 30 (#15). During that time, counsel was acting as direct-appeal counsel, for which petitioner does have a right to effective assistance. Evitts v. Lucey, 469 U.S. 387 (1985). This claim is addressable in federal habeas corpus. If counsel did actually make false statements, then there is a good possibility that counsel deprived petitioner of his direct appeal.

The record contains gaps that would make the court unable to rule on the merits of the claim that counsel made false statements. According to the Nevada Supreme Court, the state district court held a hearing on June 22, 2007; the stipulation that petitioner could proceed with a direct appeal was the result of that hearing. However, the record does not contain the transcript of that hearing. Also, counsel's statements to the Nevada Supreme Court have some ambiguity. Counsel told the Nevada Supreme Court that the only sign of the inmate request form in the records of the district court were in the supplement to the habeas corpus petition that he filed himself. Ex.

1  39 (#15). Counsel then inquired with the Washoe County Sheriff's Office. The Detention Bureau
2  told counsel that they no longer possessed petitioner's inmate file because petitioner had been
3  transferred from the jail to prison and the file had been scanned in the Records Division. The
4  Records Division told counsel that no such form existed in petitioner's inmate file, and that from
5  what they could see on the copy that counsel provided them, the form was sent to the trial judge.
6  Ex. 41 (#15). The court is unable to determine from those statements whether counsel's statements
7  are false, whether petitioner submitted a form that somehow got lost, or whether petitioner actually
8  submitted a form.

On its own motion, the court will appoint counsel to represent petitioner. Counsel will have the resources that petitioner lacks to investigate and develop the false-statement claim and to determine whether the claim is viable.

Respondents have filed a motion for leave to file presentence report in camera and under seal (#18). The court cannot review the proposed sealed exhibit because respondents did not include it with their submission (#19). Consequently, the court denies the motion. Also, the appointment of counsel and the filing of a second amended petition might make this request moot.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#12) is **DENIED**.

IT IS FURTHER ORDERED that the Federal Public Defender is provisionally appointed to represent petitioner.

IT IS FURTHER ORDERED that the Federal Public Defender shall have thirty (30) days from the date that this order is entered to undertake direct representation of petitioner or to indicate to the court her inability to represent petitioner in these proceedings. If the Federal Public Defender does undertake representation of petitioner, she shall then have sixty (60) days to file a second amended petition for a writ of habeas corpus. If the Federal Public Defender is unable to represent petitioner, then the court shall appoint alternate counsel.

IT IS FURTHER ORDERED that the clerk shall electronically serve the Federal Public Defender a copy of the amended petition (#10) and a copy of this order.

///

///

IT IS FURTHER ORDERED that respondents' motion for leave to file presentence report in camera and under seal (#18) is **DENIED**.

DATED this 23rd day of March 2011.

_____
EDWARD C. REED
United States District Judge