# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BARTLEY DAMIEN LEE,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:10-CV-00355-ECR-(VPC)

**ORDER**

Before the court are the second amended petition for writ of habeas corpus (#32), respondents' second motion to dismiss (#36), petitioner's opposition (#47), and respondents' reply (#52). The court finds that petitioner has not exhausted his state-court remedies on one ground for relief, and the court grants the motion in part.

Respondents present three arguments. First, respondents argue that most of the exhibits (#33) in support of the second amended petition are unexhausted because petitioner never presented those facts to the Nevada Supreme Court. Second, respondents argue that all of the grounds for relief are unexhausted. The court will discuss first whether the grounds are exhausted before turning to whether the exhibits are exhausted. Third, respondents argue that all of the grounds for relief in the second amended petition are untimely because they do not relate back to grounds that petitioner raised in his first amended petition (#10).

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts

and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

This is not the first time that respondents have argued that grounds for relief are unexhausted. Respondents argued in their first motion to dismiss (#12) that grounds in the first amended petition (#10) were unexhausted. In the case of ground 1 of the second amended petition (#32), respondents' argument is almost the same as what they presented earlier. Ground 1 is a claim that trial counsel provided ineffective assistance because counsel allowed petitioner to plead guilty without a determination of competence. Respondents argued in their first motion to dismiss (#12), and they argue now, that the ineffective-assistance claim is unexhausted because petitioner did not raise it on appeal from the denial of his state post-conviction habeas corpus petition. This court has ruled that the ineffective-assistance claim was exhausted because the Nevada Supreme Court itself noted the issue itself. Order, at 2-3 (#22) (citing Sandgathe v. Maass, 314 F.3d 371, 376-77 (9th Cir. 2002)). The court sees no reason to depart from its earlier holding that the equivalent ground in the first amended petition (#10) is exhausted. To the extent that petitioner alleges additional facts in support of the ground, those facts do not fundamentally alter the nature of ground 1. See Vasquez v. Hillery, 474 U.S. 254, 260 (1986).[1]

---

[1] A tension exists in the law regarding the presentation of new facts in federal habeas corpus petitions. Vasquez held that new factual allegations do not make a ground unexhausted if those new facts do not fundamentally alter the claim considered by the state courts. Recently, the Supreme Court held that when a federal court reviews a claim, the merits of which have been decided by a state court, then pursuant to 28 U.S.C. § 2254(d) the review is restricted to the record that was before the state court. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). In other words, if Vasquez is still good law, then it is possible for a ground alleging new facts to survive a challenge to

Ground 4 is a claim that petitioner's guilty plea was unknowing and involuntary because petitioner was incompetent at the time that he entered the plea. Respondents argue that petitioner did not alert the Nevada Supreme Court of the federal nature of his claim. However, the Nevada Supreme Court quoted petitioner's first ground in his state habeas corpus petition, and that ground mentioned the federal constitution. Ex. 79, at 3 n.1 (#17). Petitioner presented the federal issue to the state courts. In addition, in his supplemental fast track statement, petitioner cited Bryant v. State, 721 P.2d 364 (Nev. 1986), which notes that Nevada's legislature and courts have adopted the federal constitutional rule requiring knowing and voluntary guilty pleas. See Ex. 75, at 7 (#17). Citation to a state case which applies a federal constitutional issue fairly presents that issue to the Nevada Supreme Court. Peterson, 319 F.3d at 1158. To the extent that petitioner alleges additional facts in support of the ground, those facts do not fundamentally alter the nature of ground 4. Ground 4 is exhausted.

Ground 2 is a claim that the Nevada Supreme Court denied petitioner his right to a direct appeal, in violation of the Fifth and Fourteenth Amendments. In petitioner's state post-conviction proceedings, the parties stipulated to the following:

> On December 16, 2005, this court convicted petitioner, pursuant to his guilty plea, of attempted murder with the use of a deadly weapon.
>
> On December 27, 2005, petitioner sent an "inmate request" form to this court, stating, among other things, that the form "is also my notice of appeal[.]" No appeal was processed on behalf of petitioner.
>
> On May 8, 2006, petitioner filed a post-conviction petition for writ of habeas corpus. The State filed an answer and the matter was set for hearing.
>
> Based on the inmate request form petitioner sent to this court, the parties stipulate that petitioner filed a valid notice of appeal after the court filed the judgment of conviction. The parties stipulate that the notice was timely filed.

---

its exhaustion, but the court would be unable to consider those new facts if 28 U.S.C. § 2254(d) is applicable. The court of appeals has recognized this tension, but has deferred answering the question. Stokley v. Ryan, 659 F.3d 802, 808 (9th Cir. 2011).
    This court will treat Vasquez and Pinholster as separate questions. In most of the grounds challenged, the court rules that new factual allegations do not make the ground unexhausted. This ruling is consistent with Vasquez. Whether the court can consider the new factual allegations in its review of the grounds on their merits is a question that the court will answer when the court turns to the merits.

Ex. 30 (#15). The Nevada Supreme Court directed counsel to provide more information. Ex. 35 (#15). Based upon counsel's responses, the Nevada Supreme Court determined that the inmate request form was never submitted to the state district court or to jail officials, and it dismissed the appeal as untimely. Ex. 45 (#15). The court has already determined that all the litigation before the Nevada Supreme Court effectively exhausted the issue, and the court sees no reason to depart from that conclusion. See Order, at 3-4 (#22). Respondents also argue that any claim of ineffective assistance of appellate counsel is unexhausted, but petitioner states that he presents no such claim. See Opposition, at 15 (#47).

Ground 3 is a claim that trial counsel provided ineffective assistance at sentencing because counsel did not consult with petitioner about a direct appeal. Petitioner raised this claim in his supplemental fast track statement, Ex. 75, at 8 (#17). The Nevada Supreme Court denied the claim on its merits. Ex. 79, at 4-5 (#17). To the extent that petitioner alleges additional facts in support of the ground, those facts do not fundamentally alter the nature of ground 3. Ground 3 is exhausted.

Ground 5 is another claim that trial counsel provided ineffective assistance at sentencing. Petitioner states that he provided counsel with names of witnesses who could provide evidence that could have mitigated petitioner's sentence. Petitioner claims that counsel did not confer with witnesses or call them to testify. The closest that petitioner came to presenting this claim to any state court was in his supplement to the state habeas corpus petition. There, petitioner stated:

> In the event this Court does not find that Mr. Lee was denied his right to a direct appeal through ineffective assistance, his remaining habeas claims must be addressed. They relate to ineffective assistance of counsel during sentencing. Mr. Lee respectfully requests leave of court to file a supplement addressing those claims with relevant legal authority after the Lozada[ v. State, 871 P.2d 944 (Nev. 1994)] hearing.

Ex. 28, at 7 (#15). Petitioner does not allege any facts in this statement, he did not file another supplement, and he never presented the issue to the Nevada Supreme Court on appeal from the denial of the state habeas corpus petition. Ground 5 is not exhausted.[2]

---

[2] The court has held that all of ground 1 of the first amended petition (#10) was unexhausted. Order, at 2-3 (#22). That holding was erroneous. Ground 1 of the first amended petition (#10) contained two claims of ineffective assistance of counsel. First, petitioner claimed that counsel failed to move for a competency hearing. This claim corresponds with ground 1 of the second amended petition (#32), and it is exhausted. Second, petitioner claimed that counsel failed to

-4-

Respondents do not persuade the court that most of the exhibits (#33) in support of the second amended petition are unexhausted. As the court has already discussed with respect to the individual grounds, these exhibits present additional facts that do not fundamentally alter the grounds for relief that the state courts considered.

Respondents next argue that grounds 2, 3, 4, and 5 of the second amended petition (#32) are untimely. Petitioner filed the second amended petition (#32) after the one-year period of limitation of 28 U.S.C. § 2244(d) expired. The grounds in the second amended petition are timely if they relate back to the grounds in the first amended petition (#10), which petitioner filed before the period of limitation expired. Relation back, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." Mayle v. Felix, 545 U.S. 644, 664 (2005).

Respondents challenge two aspects of ground 2. First, they note that petitioner did not allege in his first amended petition (#10) anything about his counsel's concessions to the Nevada Supreme Court, which led to that court dismissing his direct appeal as untimely. As petitioner noted in the argument regarding the exhaustion of ground 2, he is not attempting to create a claim of ineffective assistance of counsel. The operative facts of ground 2 are that the Nevada Supreme Court denied petitioner a direct appeal even though petitioner had submitted a document that qualified as a notice of appeal. Counsel's concessions do not change the operative facts.

Next, respondents note that petitioner did not mention a theory of equal protection in his first amended petition (#10). Petitioner claims in ground 2 that the Nevada Supreme Court's actions in his belated direct appeal treated him differently from other litigants who stipulate to facts. Even though petitioner did not raise an equal-protection claim in his first amended petition (#10), that claim shares the same operative facts with the claim in the first amended petition that he was denied a direct appeal. Ground 2 relates back to the first amended petition (#10), and it is timely.

---

prevent at sentencing evidence of his competency at the time of the crime, which could have mitigated the sentence that the court imposed. This claim corresponds with ground 5 of the second amended petition (#32), and it is unexhausted.

1       Ground 3 is a claim that trial counsel provided ineffective assistance because he did not consult with petitioner about a direct appeal. Petitioner alleges two facts that he did not allege in his first amended petition. First, petitioner now alleges that the Nevada Supreme Court had barred counsel from appearing before that court without prior authorization, so that counsel was unable to file a notice of appeal. Second, petitioner now alleges that the prosecution knew of counsel's legal disability. Petitioner counters that these are not actual claims, just facts surrounding the claim that counsel did not consult with petitioner about an appeal and did not file a notice of appeal. The court agrees. The operative facts are that trial counsel did not consult with petitioner about an appeal and did not file a direct appeal even after, according to petitioner, he told counsel that he was interested in an appeal. The disability that the Nevada Supreme Court placed upon counsel and the prosecution's knowledge of that disability are not operative facts. Ground 3 relates back to the first amended petition (#10), and it is timely.

      Ground 4 is a claim that petitioner's guilty plea was unknowing and involuntary because petitioner was incompetent at the time that he entered the plea. Petitioner did not raise any such claim in his first amended petition (#10). However, ground 4 shares a common core of operative facts with ground 1 of the first amended petition. That ground included a claim that petitioner received ineffective assistance of counsel because counsel let him plead guilty without first determining whether petitioner was competent to enter a plea. The facts underlying both grounds are the same. Ground 4 relates back to the first amended petition (#10), and it is timely.

      Ground 5 is a claim that counsel provided ineffective assistance at sentencing because counsel did not confer with, or call to testify, witnesses who could have provided mitigating evidence. Although petitioner has presented more specific facts in ground 5, petitioner presented essentially the same claim in ground 1 of the first amended petition (#10). Ground 5 relates back to the first amended petition (#10), and it is timely.

      The second amended petition (#32) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

1      Respondents have submitted a renewed motion for leave to file presentence report under seal (#37), with a corrected image at #40 of the court's docket. Given that the presentence report is a confidential document, the court grants respondents' motion.

     IT IS THEREFORE ORDERED that respondents' motion to dismiss (#36) is **GRANTED** in part. Ground 5 is unexhausted.

     IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of ground 5, or for other appropriate relief. Within ten (10) days of filing such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

     IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of his second amended petition (#32) and proceed on the remaining grounds, respondents shall file and serve an answer to the remaining grounds within forty-five (45) days after petitioner serves his declaration dismissing those grounds. The answer shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

     IT IS FURTHER ORDERED that if respondents file and serve an answer, petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

     IT IS FURTHER ORDERED that respondents' renewed motion for leave to file presentence report under seal (#37) is **GRANTED**.

     DATED:    September 4, 2012.

_____
EDWARD C. REED
United States District Judge